**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| PAZUNIAK LAW OFFICE, LLC and GEORGE PAZUNIAK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No.: N14C-12-259 EMD |
| PI-NET INTERNATIONAL, INC. and LAKSHMI ARUNACHALAM, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**ORDER DENYING LEAVE TO APPEAL
FROM INTERLOCUTORY ORDER**

This 14th day of November, 2016, upon consideration of *Pro Se* Defendant and Counter Plaintiff Dr. Lakshmi Arunachalam's Application for Certification for Interlocutory Appeal Under Rule 42 of this Court's Order of October 20, 2016 Denying Dr. Arunachalam's Motion to Substitute (the "Interlocutory Motion") filed by Defendant Lakshmi Arunachalam on October 28, 2016; that no response to the Interlocutory Motion having been filed; and the Order Denying *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest (the "Order"), the Court finds as follows:

### INTRODUCTION

1.      This is a civil action brought by Plaintiffs Pazuniak Law Office, LLC and George Pazuniak (collectively, "Pazuniak Law"). Through the Complaint, Pazuniak Law seeks declaratory relief as to certain funds held by Pazuniak Law. In addition, Pazuniak Law alleges

that Defendants Pi-Net International, Inc. ("Pi-Net") and Dr. Arunachalam are liable to Pazuniak Law on claims of common law libel and tortuous interference with prospective business opportunities. Dr. Arunachalam answered the Complaint and asserted counterclaims against Pazuniak Law, Mr. Pazuniak and a new third party, O'Kelly and Ernst, LLC. Pi-Net has not filed an answer to the Complaint.

2. According to the Complaint, Pazuniak Law, Pi-Net, Dr. Arunachalam, and WebXchange entered into a retainer agreement (the "Agreement") on January 25, 2012. Count I of the Complaint seeks a declaration as to the distribution of certain funds under the terms of the Agreement, as well as Pazuniak Law's purported right to recover costs for providing certain files to Pi-Net upon the termination of Pazuniak Law's services to Pi-Net, Dr. Arunachalam and WebXchange.

3. Dr. Arunachalam has, on numerous occasions, sought to (i) appear *pro se* on behalf of Pi-Net or (ii) substitute herself on behalf of Pi-Net in the civil action. The Court denied Dr. Arunachalam's request to appear *pro se* on behalf of Pi-Net, relying on settled law that a corporation must be represented by a Delaware licensed attorney. Through her first motion to substitute, Dr. Arunachalam moved to have her substituted for Pi-Net as a party and contended that she was the real party-in-interest due to her ownership of Pi-Net and as a transferee of the "patents-in-suit." As set forth in an Order dated June 30, 2016, the Court did not grant the first motion to substitute. Dr. Arunachalam did not seek an interlocutory appeal of the June 30, 2016 Order.

4. Recently, Dr. Arunachalam filed the *Pro Se* Defendant Dr. Lakshmi Arunachalam's Emergency Motion to Substitute Parties under Delaware Rule 25(c) and Federal Rule (c) due to New Facts and Circumstances that Defendant Pi-Net International, Inc. is

Defunct and Dr. Lakshmi Arunachalam is the Successor-in-Interest and Real Party-in-Interest

(the "Second Substitution Motion"). In the Second Substitution Order, relying upon Superior

Court Civil Rule 25(c), Dr. Arunachalam contended that Pi-Net is now "defunct" and that Dr.

Arunachalam, as Pi-Net's successor-in-interest, should be substituted in place of Pi-Net. Dr.

Arunachalam does not provide any facts relevant to Pi-Net's dissolution. Through the Order, the

Court denied the Second Substitution Motion and held:

> (i) This litigation involves Pazuniak Law's legal representation of Dr. Arunachalam and Pi-Net, and certain rights and obligations under the Agreement. Pi-Net, as well as Dr. Arunachalam, is a party to the Agreement. Additionally, Pazuniak Law asserts defamation claims against both Dr. Arunachalam and Pi-Net. It is clear that Pi-Net has a separate interest in this litigation. In order for there to be complete relief, Pi-Net must remain a party to this civil action; and

> (ii) While Dr. Arunachalam now argues that Pi-Net is "defunct," she does not provide any facts relevant to Pi-Net's dissolution. The California Code sets forth procedures for voluntarily or involuntarily winding up and dissolving a corporation.[1] A corporation may elect to voluntarily wind up and dissolve by a vote of a majority of shareholders or the board of directors.[2] In contrast, in the event of involuntary dissolution, the court may appoint a receiver to oversee the dissolution process.[3] Dr. Arunachalam has not provided any evidence as to who is the legal representative winding up and dissolving Pi-Net, or whether this is being done through a voluntary process or by way of a receiver.

5.      Dr. Arunachalam now requests certification of the Order to the Delaware

Supreme Court under Supreme Court Rule 42 ("Rule 42").

## ANALYSIS

6.      Rule 42(b) dictates the standard for certifying an interlocutory appeal. "No

interlocutory appeal will be certified by the trial court or accepted by this Court unless the order

of the trial court decides a substantial issue of material importance that merits appellate review

---

[1] Cal. Corp. Code Ch. 18–19.
[2] *Id.* at §§ 1900–1907.
[3] *Id.* at § 1803.

before a final judgment."[4]  In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[5] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.[6]  "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[7]

7.      Initially, the Court must determine whether the denial of the Second Substitution Motion constitutes a "substantial issue of material importance that merits appellate review before a final judgment."[8]  The Court has found no Delaware decision that has held that a ruling under Superior Court Civil Rule 25(c) is appropriate for interlocutory review.[9]  The Court does see how denying substitution here could involve a substantial issue of material importance that merits appellate review.  By denying substitution, the Court creates a situation where Pi-Net may end up defaulting in the civil action and incur liability.  Therefore, the Second Substitution Motion is

---

[4] Del. Supr. Ct. R. 42(b)(i).

[5] Delaware Supreme Court Rule 42(b)(iii) provides:

> [T]he trial court should consider whether;
> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
> (G) Review of the interlocutory order may terminate the litigation; or
> (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

[6] *Id.*

[7] *Id.*

[8] Del. Supr. Ct. R. 42(b)(i).

[9] The Court has found cases involving interlocutory appeals involving Superior Court Civil Rule 25(a).  Those cases generally relate to relation back and not whether denial of substitution of a party involves a substantial issue of material importance that merits appellate review before a final judgment.

capable of interlocutory review because it decided a substantial issue of material importance to the litigation.

8. Next, the Court must consider the eight factors listed in Rule 42(b)(iii)(A) through (H). Dr. Arunachalam does not make many, if any, substantive arguments as to the eight factors. Mostly, Dr. Arunachalam makes conclusory or irrelevant statements.[10]

9. After considering the eight factors, the Court finds that Rule 42(b)(iii)(A) through (G) are not implicated at all. Under Rule 42(b)(iii)(H), the Court could see how interlocutory review of the decision not to allow Dr. Arunachalam to be substituted on behalf of Pi-Net could serve considerations of justice. As set forth in the Order, however, Dr. Arunachalam could just as easily provide evidence of the legal status of Pi-Net, who is the legal representative winding up and dissolving Pi-Net, or whether this is being done through a voluntary process or by way of a receiver. If Dr. Arunachalam did that, the Court could, conceivably, reconsider substitution under Superior Court Civil Rule 25(c). As such, the Court holds that the benefits of an interlocutory appeal here would not outweigh the probable costs such that an interlocutory appeal is in the interests of justice.

10. There is nothing new about the issues raised by Dr. Arunachalam in the Second Substitution Motion. Motions to substitute parties due to a transfer of interest have been addressed by Delaware Courts. Accordingly, the Court does not find that certification would be the most efficient and just means to resolve the case. Further, the benefits of interlocutory

---

[10] By separate Order, the Court has stricken paragraphs 3, 4(g) and 4(h) of the Interlocutory Motion as unfounded, lacking any legal relevance to the issue before the Court, and serving "no other purpose than to implicate the integrity of Mr. Pazuniak in an attempt to prejudice the Court's view of the legal issues before it." Order Striking Paragraphs 3, 4(g) and 4(h) from *Pro Se* Defendant and Counter Plaintiff Dr. Lakshmi Arunachalam's Application for Certification for Interlocutory Appeal Under Rule 42 of this Court's Order of October 20, 2016 Denying Dr. Arunachalam's Motion to Substitute dated November 4, 2016.

review would not outweigh the probable costs.  Therefore, the Court finds that Dr. Arunachalam has not met the strict burden for certification under Rule 42.

**NOW, THEREFORE,** this 14th day of November, 2016, Dr. Arunachalam having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated October 19, 2016; and the Court having found that none of the criteria of Supreme Court Rule 42(b)(iii) apply;

**IT IS ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is hereby **DENIED**.

Dated: November 14, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge